UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEDI-WEIGHTLOSS FRANCHISING USA,
LLC, et al.,

       Plaintiffs,

v.                                              CASE NO. 8:11-cv-2437-T-30MAP

MEDI-WEIGHTLOSS CLINE OF BOCA
RATON, LLC, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the Court on Plaintiffs', Medi-Weightloss Franchising USA, LLC, Physician's Health Management, LLC, Medi IP Licensing, LLC, and Medi-Weightloss Clinics, LLC (collectively, "Medi"), motion for contempt and sanctions (doc. 29) for an alleged breach of the Court's preliminary injunction (doc. 26) by operating a competing business, VIP Medical WeightLoss Center ("VIP"), within twenty-five miles of an existing Medi business, continuing to use Medi's phone number, and failing to de-identify themselves from various websites.[1] Having carefully considered both the Plaintiffs' motion and Defendants' response thereto, I recommend the motion be DENIED for the reasons set forth below.

    *A. Background*

      The Defendants' previously operated Medi-Weightloss Clinics® Franchisee

---

[1] The district judge referred this matter to me for report and recommendation. *See* 28 U.S.C. § 636 and Local Rule 6.01(c)(21).

located at 555, N. Federal Highway, Suites 18020, Boca Raton, Florida 33432. Their franchise was terminated following a longstanding pattern of noncompliance with the franchise agreement. Subsequent to termination and upon operation of a competing weightloss business using Medi's proprietary business format, Plaintiff filed a verified complaint and motion for a preliminary injunction (docs. 1, 2). On January 30, 2012, the district judge adopted my report and recommendation to grant in part and deny in part Plaintiff's motion for preliminary injunction (doc. 22). The district judge specifically ordered as follows:

> 1. The Report and Recommendation (Dkt. #22) of the Magistrate Judge is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.
>
> 2. Plaintiffs' Motion for Preliminary Injunctive Relief (Dkt. #2) is GRANTED IN PART AND DENIED IN PART to the extent indicated below:
>
> 3. Defendants Dr. Paul Martinez and Medi-Weightloss Clinic of Boca Raton, LLC are enjoined as follows:
>
>> A. Dr. Paul Martinez and Medi-Weightloss Clinic of Boca Raton, LLC, and their agents, servants, employees, attorneys, and any other persons or entities who are in active concert or participation with them shall not operate a Competitive Business, as defined in the parties agreements, in the same location or within twenty-five miles from the Medi-Boca Clinic, located at 555 N. Federal Highway, Suites 18-20, Boca Raton, Florida 33432, or any other Medi-Weightloss Clinics Business;
>>
>> B. Dr. Paul Martinez and Medi-Weightloss Clinic of Boca Raton, LLC, and their agents, servants, employees, attorneys, and any other persons or entities who are in active concert or participation with them shall not disclose or publish to any party, or copy or use for such party's own benefit or for the benefit of any other party, any of Plaintiffs' confidential information as defined in the parties' agreements;

> C. Dr. Paul Martinez and Medi-Weightloss Clinic of Boca Raton, LLC, and their agents, servants, employees, attorneys, and any other persons or entities who are in active concert or participation with them shall not use any of Plaintiffs' marks, and any signs, slogans, symbols, logos, advertising materials, forms, products and other items bearing Plaintiffs' marks;
>
> D. Dr. Paul Martinez and Medi-Weightloss Clinic of Boca Raton, LLC, and their agents, servants, employees, attorneys, and any other persons or entities who are in active concert or participation with them shall not use Plaintiffs' trade secrets and confidential business information, including but not limited to the Medi-System and the know-how related to its use;
>
> E. Dr. Paul Martinez and Medi-Weightloss Clinic of Boca Raton, LLC, and their agents, servants, employees, attorneys, and any other persons or entities who are in active concert or participation with them shall not operate or do business under any name or in any manner that gives the general public the impression that Dr. Paul Martinez or the Medi-Weightloss Clinic of Boca Raton, LLC franchise are in any way connected with Plaintiffs or that Dr. Paul Martinez or Medi-Weightloss Clinic of Boca Raton, LLC have the right to use Plaintiffs' confidential information, Plaintiffs' marks or the Medi-System.
>
> 4. Plaintiffs are required to post a bond in the amount of $10,000.
>
> 5. Plaintiffs' Motion is DENIED as to Dr. Eliot Slater.

(doc. 26) (hereinafter, "the preliminary injunction").

Plaintiff filed the instant motion after writing a letter (doc. 29-1) to Defendants on February 2, 2012, outlining the steps Defendants needed to take within five days in order to prevent the filing of a motion seeking contempt sanctions for failure to comply with the preliminary injunction.

*B. Burden of proof*

The party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order.

*Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.* 950 F.2d 1525, 1529 (11th Cir. 1992). Frequently used in injunction actions, civil contempt proceedings are useful methods for enforcing judicial orders. *See Popular Bank of Florida v. Banco Popular De Puerto Rico,* 180 F.R.D. 461 (S.D. Fla. 1998) citing 11A Fed. Prac. & Proc. Civ. §2960 (2d ed.). "The court should only find a party in contempt if the order is clear and unambiguous, proof of noncompliance is clear and convincing, and the respondent has not been reasonably diligent in attempting to comply. In other words, the moving party must prove by clear and convincing evidence that a violation of a court order occurred, and that the order was 'valid, and lawful as well as clear, definite and unambiguous." *EZ Pay Services, Inc. v. E-Z Pay Services,* 390 B.R. 445 (M.D. Fla. 2008). *See also McGregor v. Chierico,* 206 F.3d 1378, 1383 (Fla. 2000); *U.S. v. Koblitz,* 803 F.2d 1523, 1527 (11th Cir. 1986) (both holding that a civil contempt order can be upheld by appellate court if supported by clear and convincing evidence that 1) the underlying order allegedly violated was valid and lawful, 2) the underlying order was clear, definite, and unambiguous, and 3) the contemnor had the ability to comply with the underlying order).

    C. Discussion

        *1. competing business within twenty-five miles*

Plaintiffs maintain that Defendants are operating their new business in contravention of the injunction order that proscribes operation of a "Competitive Business, as defined in the parties agreements, in the same location or within twenty-five miles from the Medi-Boca Clinic, located at 555 N. Federal Highway, Suites 18-20, Boca Raton, Florida 33432, or any other Medi-Weightloss Clinics Business." Relying on both

4

MapQuest, Google Maps, and Google Earth, Plaintiffs assert that the Defendants' new business is within 25 miles of the Medi Jupiter franchise, located at 4600 Military Trail, Jupiter, Florida 33458. Defendants respond that they have made every effort to comply with the explicit terms set forth in the injunctive order, including the 25 mile restriction. Noting that the order does not specify a method for calculating the 25 mile distance, Defendants relied upon Google Maps to determine whether their new locations was 25 miles from any Medi Weightloss Clinic business, and selected a location 30.2 miles from the Medi Boca location in order to comply with the spirit of the preliminary injunction order.[2]

Upon consideration, I find that the Plaintiffs have failed to show by clear and convincing evidence that the Defendants violated the 25 mile restriction set forth in the preliminary injunction order. To the contrary, I find that the Defendants diligently attempted to comply with the 25 mile restriction in locating their new business at 12008 Southshore Boulevard, Wellington, Florida, and that the location of his new business is not in contravention of the order. *See Popular Bank of Florida, supra,* 180 F.R.D. at 461.

    *2. phone number appropriation*

While Plaintiffs contend the preliminary injunction order proscribes Defendants' continued use of the Medi Boca phone number, I disagree. Neither my report and recommendation nor the district judge's injunction order clearly prohibits use of the phone

---

[2] The parties' reliance on MapQuest and Google are understandable in this age of internet searches, however, those queries have led to inconsistent distance calculations and the Court's independent inquiry has suggested even different distances. Given all this, Defendant has made a sufficient good faith effort to comply with this Court's order.

number. And, thus, I find the Plaintiffs fail to establish by clear and convincing evidence that the Defendants' use of the Medi Boca phone number violates this Court's order.

*3. website de-identification failure*

Plaintiffs claim the Defendants have defied the preliminary injunction by failing to de-identify and disassociate VIP Wellington from Medi on various web sites. In their opposition memorandum and during the hearing before me, Defendants explained their diligent efforts to de-identify and disassociate their new business from Medi, including Defendants' efforts to contact third parties such as Angie's List, Yelp, Linked In, and Google. Moreover, Defendants explained that the "we are moving" status on Facebook was made after Medi Boca had closed and VIP had opened, in order to comply with the injunction order's requirements. And, Defendants stated that they have removed the photograph from VIP's Facebook page that included the reflection of Medi's slogan "The One that Works!" and have also removed Medi's logo from the protein bar packaging seen on their Facebook page.[3] Accordingly, I find the Defendants have made reasonably diligent efforts to de-identify and disassociate their new business from Medi, and the Plaintiffs have failed to show by clear and convincing evidence that the Defendants have violated the injunction order in this regard.

*C. Conclusion*

For the reasons stated, it is hereby

---

[3] Defendants say they purchased the protein bars from a separate company, Bariatrix, and the bars are packaged in Bariatrix's standard boxes are stamped with Medi's logo. Martinez digitally edited the product boxes to remove the Medi logo before posting photos of them on VIP's website. *See* doc. 30, p.13.

RECOMMENDED:

1. That the Plaintiffs' motion for contempt and sanctions be DENIED.

IT IS SO REPORTED in Tampa, Florida on May 24, 2012.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: The Honorable James S. Moody
 Counsel of Record